UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN F. FORDLEY,<br><br>    Plaintiff,<br><br>  v.<br><br>JOE LIZARRAGA, et al.,<br><br>    Defendants. | No. 2:16-cv-1985-MCE-EFB P<br><br><br><u>FINDINGS AND RECOMMENDATIONS</u> |

  Plaintiff is a state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983. On September 30, 2016, the court directed the United States Marshal to serve plaintiff's complaint on eight defendants. ECF No. 12. The United States Marshal returned process directed to defendant Moore, noting that "Officer Moore is deceased," and to defendant Andrea, noting that "per CDCR, [there is] no officer Andrea." ECF No. 14. Accordingly, on December 1, 2016, the court ordered plaintiff to provide new instructions for service of process upon defendants Moore and Andrea. ECF No. 20. The court warned plaintiff that failure to comply with the order or to show good cause for such failure would result in a recommendation that this action be dismissed as to defendants Moore and/or Andrea. *Id.* In his December 30, 2016 response to the court's order (ECF No. 23), plaintiff fails to provide new instructions for service or to demonstrate good cause for such failure. Therefore, the court recommends that defendants Andrea and Moore be dismissed from this action.

/////

1

With respect to defendant Andrea, plaintiff explains that he misspelled the defendant's name and does not know the correct spelling. ECF No. 23 at 2. Plaintiff does not propose an alternate spelling, provide new instructions for service, or otherwise demonstrate good cause excusing his failures in this regard.

With respect to defendant Moore, plaintiff argues that defendant Moore "should be held responsible" even though he died in "July 2016."[1] *Id.* at 1. Plaintiff does not, however, provide any additional information that would allow the United States Marshal to serve Moore (or Moore's estate) with process.

Plaintiff has had two opportunities to submit information about where defendants Andrea and Moore can be served, and has been warned that Rule 4(m) of the Federal Rules of Civil Procedure requires that service of process be effected within 120 days of the filing of the complaint absent a showing of good cause.[2] ECF Nos. 7, 20. The time for serving defendants has expired and plaintiff has failed to demonstrate the requisite good cause to avoid dismissal under Rule 4(m).

Accordingly, it is hereby RECOMMENDED that defendants Andrea and Moore be dismissed from this action without prejudice. *See* Fed. R. Civ. P. 4(m).

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections

/////

/////

---

[1] Moreover, if defendant Moore actually died in July 2016, prior to plaintiff's commencement of this action in August 2016, Moore would not be a proper party to this lawsuit, and would be subject to dismissal on that basis. *See Almeida v. Roberts*, No. 15-cv-03319-JD, 2016 U.S. Dist. LEXIS 9792, at *6 (N.D. Cal. Jan. 26, 2016).

[2] The court notes, however, that Rule 4(m) now requires that service be completed within 90 days after filing of the complaint.

within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

DATED: April 20, 2017.

_____
EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE