UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN F. FORDLEY,<br><br>    Plaintiff,<br><br>    v.<br><br>LIZARRAGA, et al.,<br><br>    Defendants. | No. 2:16-cv-1985-MCE-EFB P<br><br>FINDINGS AND RECOMMENDATIONS |

Plaintiff is a state prisoner proceeding without counsel this civil rights action brought under 42 U.S.C. § 1983. Defendants seek dismissal of the case because plaintiff failed to exhaust his administrative remedies prior to filing. For the reasons that follow, the undersigned recommends that the motion be denied.

**I.    Background**

Plaintiff filed this case on August 22, 2016, alleging a number of violations of his Eighth Amendment rights by correctional officers. ECF No. 1. In the section of the form complaint plaintiff filled out entitled "Administrative Remedies," plaintiff indicated that his administrative appeal of the claim was "pending" and that it was "still in Sacramento at Chief of Appeals Office" ECF No. 1 at 5. The complaint provides no further information about plaintiff's administrative appeal of defendants' alleged misconduct.

/////

1

## II. The Motion to Dismiss

### A. Governing Law

The Prison Litigation Reform Act ("PLRA") provides that "[n]o action shall be brought with respect to prison conditions [under section 1983 of this title] until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). "Prison conditions" subject to the exhaustion requirement have been defined broadly as "the effects of actions by government officials on the lives of persons confined in prison . . . ." 18 U.S.C. § 3626(g)(2); *Smith v. Zachary*, 255 F.3d 446, 449 (7th Cir. 2001); *see also Lawrence v. Goord*, 304 F.3d 198, 200 (2d Cir. 2002). To satisfy the exhaustion requirement, a grievance must alert prison officials to the claims the plaintiff has included in the complaint, but need only provide the level of detail required by the grievance system itself. *Jones v. Bock*, 549 U.S. 199, 218-19 (2007); *Porter v. Nussle*, 534 U.S. 516, 524-25 (2002) (the purpose of the exhaustion requirement is to give officials the "time and opportunity to address complaints internally before allowing the initiation of a federal case").

Prisoners who file grievances must use a form provided by the California Department of Corrections and Rehabilitation (CDCR Form 602), which instructs the inmate to describe the problem and outline the action requested. Title 15 of the California Code of Regulations, § 3084.2 provides further instructions, which include the direction to "list all staff member(s) involved" and "describe their involvement." Cal. Code Regs. tit. 15, § 3084.2(a)(3). If the prisoner does not know the staff member's name, first initial, title or position, he must provide "any other available information that would assist the appeals coordinator in making a reasonable attempt to identify the staff member(s) in question." *Id.*

The grievance process, as defined by the regulations, has three levels of review to address an inmate's claims, subject to certain exceptions. *See* Cal. Code Regs. tit. 15, § 3084.7. Administrative procedures generally are exhausted once a plaintiff has received a "Director's Level Decision," or third level review, with respect to his issues or claims. *Id*. § 3084.1(b).

Proper exhaustion of available remedies is mandatory, *Booth v. Churner*, 532 U.S. 731, 741 (2001), and "[p]roper exhaustion demands compliance with an agency's deadlines and other

2

critical procedural rules[.]" *Woodford v. Ngo*, 548 U.S. 81, 90 (2006). For a remedy to be "available," there must be the "possibility of some relief . . . ." *Booth*, 532 U.S. at 738. Relying on *Booth*, the Ninth Circuit has held:

> [A] prisoner need not press on to exhaust further levels of review once he has received all "available" remedies at an intermediate level of review or has been reliably informed by an administrator that no remedies are available.

*Brown v. Valoff*, 422 F.3d 926, 935 (9th Cir. 2005).

Failure to exhaust is "an affirmative defense the defendant must plead and prove." *Jones*, 549 U.S. at 216 (2007). To bear this burden:

> [A] defendant must demonstrate that pertinent relief remained available, whether at unexhausted levels of the grievance process or through awaiting the results of the relief already granted as a result of that process. Relevant evidence in so demonstrating would include statutes, regulations, and other official directives that explain the scope of the administrative review process; documentary or testimonial evidence from prison officials who administer the review process; and information provided to the prisoner concerning the operation of the grievance procedure in this case . . . . With regard to the latter category of evidence, information provided [to] the prisoner is pertinent because it informs our determination of whether relief was, as a practical matter, "available."

*Brown*, 422 F.3d at 936-37 (citations omitted). Once a defendant shows that the plaintiff did not exhaust available administrative remedies, the burden shifts to the plaintiff "to come forward with evidence showing that there is something in his particular case that made the existing and generally available administrative remedies effectively unavailable to him." *Albino v. Baca*, 747 F.3d 1162, 1172 (9th Cir. 2014) (en banc).

A defendant may move for dismissal under Federal Rule of Civil Procedure 12(b)(6) in the extremely rare event that the plaintiff's failure to exhaust administrative remedies is clear on the face of the complaint. *Id.* at 1166. "Otherwise, defendants must produce evidence proving failure to exhaust" in a summary judgment motion brought under Rule 56. *Id.* If the court concludes that plaintiff has failed to exhaust administrative remedies, the proper remedy is dismissal without prejudice. *Wyatt v. Terhune*, 315 F.3d 1108, 1120, overruled on other grounds by *Albino*, 747 F.3d 1162.

For purposes of dismissal under Rule 12(b)(6), the court generally considers only allegations contained in the pleadings, exhibits attached to the complaint, and matters properly

3

subject to judicial notice, and construes all well-pleaded material factual allegations in the light most favorable to the nonmoving party. *Chubb Custom Ins. Co. v. Space Sys./Loral, Inc*., 710 F.3d 946, 956 (9th Cir. 2013); *Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012).

Dismissal under Rule 12(b)(6) may be based on either: (1) lack of a cognizable legal theory, or (2) insufficient facts under a cognizable legal theory. *Chubb Custom Ins. Co*., 710 F.3d at 956. Dismissal also is appropriate if the complaint alleges a fact that necessarily defeats the claim. *Franklin v. Murphy*, 745 F.2d 1221, 1228-1229 (9th Cir. 1984). In this case, the court must determine whether the statements in plaintiff's complaint concerning the exhaustion of his administrative remedies establish a failure to exhaust and thus justify dismissal of the complaint without prejudice.

**B. Analysis**

To dismiss the case as defendants request, the court must conclude that plaintiff's allegations show not only that he failed to exhaust his administrative remedies but also that those remedies were in fact effectively available to him.. *Sapp v. Kimbrell*, 623 F.3d 813, 822-23 (9th Cir. 2010) (holding that a prisoner may be excused from the exhaustion requirement where the conduct of prison officials rendered the administrative remedy effectively unavailable). Thus, in *Aquilar-Avellaveda v. Terrell*, 478 F.3d 1223, 1225-26 (10th Cir. 2007), the Tenth Circuit noted that "courts are obligated to ensure that any defects in exhaustion were not procured from the action or inaction of prison officials." Because the conduct of prison staff in processing a grievance is often an issue in determining whether the administrative system was actually available to the plaintiff and because such facts are not ordinarily pleaded in a complaint concerning other prison conditions, it is extraordinarily rare for a court to be able to determine the exhaustion question by looking only at the face of the complaint, as it must on a Rule 12(b)(6) motion. *Id.* at 1225 ("[O]nly in rare cases will a district court be able to conclude from the face of the complaint that a prisoner has not exhausted his administrative remedies and that he is without a valid excuse.").

Here, plaintiff's complaint is silent regarding whether, due to the conduct of prison staff in processing his grievance, he should be excused from the exhaustion requirement. He claims in

4

his opposition and sur-reply to the motion to dismiss that the grievance was not processed within applicable time limits. To address that allegation, the court must look to evidence not contained in the complaint, which it cannot do in response to this Rule 12(b)(6) motion.[1] Accordingly, the motion must be denied. Defendants are free to raise the issue in an appropriate motion pursuant to Federal Rule of Civil Procedure 56, or if it turns on the resolution of genuine disputes of material fact, at trial.

### III. Conclusion and Recommendation

For the foregoing reasons, it is hereby RECOMMENDED that defendants' November 29, 2016 motion to dismiss (ECF No. 18) be denied without prejudice.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

DATED: August 2, 2017.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

---

[1] Defendants also ask the court to take judicial notice of a printout from the prison's appeals tracking computer system. ECF No. 18-2. Even if the court were to consider the printout, it provides no information about the handling of the grievance at issue here. *Id.* at 4.