UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN FREDERICK FORDLEY,<br><br>Plaintiff,<br><br>v.<br><br>JOE LIZARRAGA, et al.,<br><br>Defendants. | No. 2:16-cv-1985-MCE-EFB P<br><br>FINDINGS AND RECOMMENDATIONS |

Plaintiff is a state prisoner proceeding without counsel in this action brought pursuant to 42 U.S.C. § 1983. Defendants move for summary judgment, arguing that plaintiff failed to exhaust his available administrative remedies before filing suit. ECF No. 46. For the reasons that follow, the court must grant the motion in part and defer ruling on the remainder pending additional filings by the parties.

**I.     Background**

Plaintiff, who is incarcerated at R.J. Donovan Correctional Facility, alleges Eighth Amendment claims against defendant correctional officers at Mule Creek State Prison ("MCSP"). ECF No. 1. Plaintiff claims that, on various occasions in March and May 2016 defendants assaulted him physically and sexually, gave him razor blades to encourage him to kill himself, and repeatedly interfered with his meals. *Id.* He seeks money damages and an order that he be transferred out of MCSP, among other injunctive relief. *Id.* at 15-16.

1

Defendants have submitted undisputed evidence of the following facts in support of their argument that plaintiff did not exhaust his available administrative remedies:

1. On May 8, 2016, plaintiff submitted an inmate grievance (aka "602"), log no. MCSP-16-01365, alleging that: (1) defendants Garcia and Watson battered and sexually assaulted him on March 10, 2016; (2) defendants Winkfield and Garcia battered and sexually assaulted him on March 11, 2016; (3) defendants Winkfield and Garcia gave him razor blades on May 5 and 6, 2016 to encourage him to kill himself; and (4) correctional staff were refusing to provide him with meals. ECF No. 46-3, Defs.' Statement of Undisputed Facts (hereinafter "DUF") Nos. 2-4; ECF No. 46-4, Decl. of M. Voong, ¶¶ 4-5; ECF No. 46-4 at 7-9.
2. On May 10, 2016, plaintiff was interviewed regarding grievance MCSP-16-01365. DUF No. 5; ECF No. 46-4 at 11-12.
3. On May 19, 2016, grievance MCSP-16-01365 was forwarded directly to the second level of review to be addressed as a staff complaint. DUF No. 6; ECF No. 46-4 at 7.
4. Plaintiff was again interviewed on June 7, 2016. DUF No. 7; ECF No. 46-4 at 12.
5. On June 12, 2016, plaintiff submitted another grievance, log no. MCSP-16-01704, alleging that defendant Winkfield was threatening and harassing him and interfering with his food. DUF No. 8; ECF No. 46-4 at 33-34.
6. On June 22, 2016, grievance MCSP-16-01365 was denied at the second level of review. DUF No. 9; ECF No. 46-4 at 5-6.
7. Plaintiff submitted grievance MCSP-16-01365 to the third level of review on July 6, 2016. DUF No. 10; ECF No. 46-4 at 8.
8. Plaintiff was interviewed in connection with MCSP-16-01704 on July 9, 2016. DUF No. 11; ECF No. 46-4 at 35.
9. MCSP-16-01704 was denied at the second level of review on July 15, 2016. DUF No. 12; ECF No. 46-4 at 35-36.
10. Plaintiff submitted MCSP-16-01704 to the third level of review on August 1, 2016. DUF No. 13; ECF No. 46-4 at 32.

11. Plaintiff prepared his complaint in this action on August 15, 2016, and the case was formally filed on August 22, 2016. ECF No. 1 at 1, 13.

12. The third level of review rejected plaintiff's grievance MCSP-16-01365 on September 7, 2016, because plaintiff had not included a CDCR Form 1858 Rights and Responsibilities Statement. DUF No. 15; ECF No. 46-4 at 8, 21. Plaintiff re-submitted the grievance on October 14, 2016, but it was again rejected on December 20, 2016 for the same reason. DUF Nos. 17, 18; ECF No. 46-4 at 25.

13. On October 13, 2016, plaintiff's grievance MCSP-16-01704 was also rejected for lacking a Form 1858. DUF No. 16; ECF No. 46-4 at 39. Documents filed by defendants show that plaintiff had some difficulty obtaining the Form 1858 and made at least five requests for that form between September 25, 2016 and October 6, 2016. ECF No. 46-4 at 19-23.

14. Plaintiff resubmitted MCSP-16-01365 to the third level of review with the Form 1858 on January 9, 2017. Voong Decl. ¶ 5. It was denied at that level on March 10, 2017. *Id.*; DUF No. 21; ECF No. 46-4 at 5-6.

15. Plaintiff resubmitted MCSP-16-01704 to the third level of review with the Form 1858 on November 1, 2016. ECF No. 46-4 at 40. It was denied at that level on January 23, 2017. DUF No. 20; ECF No. 46-4 at 29.

## II. The Motion for Summary Judgment

### A. Summary Judgment Standards

Summary judgment is appropriate when there is "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Summary judgment avoids unnecessary trials in cases in which the parties do not dispute the facts relevant to the determination of the issues in the case, or in which there is insufficient evidence for a jury to determine those facts in favor of the nonmovant. *Crawford-El v. Britton*, 523 U.S. 574, 600 (1998); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-50 (1986); *Nw. Motorcycle Ass'n v. U.S. Dep't of Agric.*, 18 F.3d 1468, 1471-72 (9th Cir. 1994). At bottom, a summary judgment

/////

motion asks whether the evidence presents a sufficient disagreement to require submission to a jury.

The principal purpose of Rule 56 is to isolate and dispose of factually unsupported claims or defenses. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986). Thus, the rule functions to "'pierce the pleadings and to assess the proof in order to see whether there is a genuine need for trial.'" *Matsushita Elec. Indus. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (quoting Fed. R. Civ. P. 56(e) advisory committee's note on 1963 amendments). Procedurally, under summary judgment practice, the moving party bears the initial responsibility of presenting the basis for its motion and identifying those portions of the record, together with affidavits, if any, that it believes demonstrate the absence of a genuine issue of material fact. *Celotex*, 477 U.S. at 323; *Devereaux v. Abbey*, 263 F.3d 1070, 1076 (9th Cir. 2001) (en banc). If the moving party meets its burden with a properly supported motion, the burden then shifts to the opposing party to present specific facts that show there is a genuine issue for trial. Fed. R. Civ. P. 56(e); *Anderson*, 477 U.S. at 248; *Auvil v. CBS "60 Minutes"*, 67 F.3d 816, 819 (9th Cir. 1995).

A clear focus on where the burden of proof lies as to the factual issue in question is crucial to summary judgment procedures. Depending on which party bears that burden, the party seeking summary judgment does not necessarily need to submit any evidence of its own. When the opposing party would have the burden of proof on a dispositive issue at trial, the moving party need not produce evidence which negates the opponent's claim. *See, e.g., Lujan v. National Wildlife Fed'n*, 497 U.S. 871, 885 (1990). Rather, the moving party need only point to matters which demonstrate the absence of a genuine material factual issue. *See Celotex*, 477 U.S. at 323-24 ("[W]here the nonmoving party will bear the burden of proof at trial on a dispositive issue, a summary judgment motion may properly be made in reliance solely on the 'pleadings, depositions, answers to interrogatories, and admissions on file.'"). Indeed, summary judgment should be entered, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. *See id*. at 322. In such a circumstance, summary judgment must be granted, "so long as whatever is before the district

court demonstrates that the standard for entry of summary judgment, as set forth in Rule 56(c), is satisfied." *Id*. at 323.

To defeat summary judgment the opposing party must establish a genuine dispute as to a material issue of fact. This entails two requirements. First, the dispute must be over a fact(s) that is material, i.e., one that makes a difference in the outcome of the case. *Anderson*, 477 U.S. at 248 ("Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment."). Whether a factual dispute is material is determined by the substantive law applicable for the claim in question. *Id*. If the opposing party is unable to produce evidence sufficient to establish a required element of its claim that party fails in opposing summary judgment. "[A] complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Celotex*, 477 U.S. at 322.

Second, the dispute must be genuine. In determining whether a factual dispute is genuine the court must again focus on which party bears the burden of proof on the factual issue in question. Where the party opposing summary judgment would bear the burden of proof at trial on the factual issue in dispute, that party must produce evidence sufficient to support its factual claim. Conclusory allegations, unsupported by evidence are insufficient to defeat the motion. *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). Rather, the opposing party must, by affidavit or as otherwise provided by Rule 56, designate specific facts that show there is a genuine issue for trial. *Anderson*, 477 U.S. at 249; *Devereaux*, 263 F.3d at 1076. More significantly, to demonstrate a genuine factual dispute, the evidence relied on by the opposing party must be such that a fair-minded jury "could return a verdict for [him] on the evidence presented." *Anderson*, 477 U.S. at 248, 252. Absent any such evidence there simply is no reason for trial.

The court does not determine witness credibility on a Rule 56 motion. It believes the opposing party's evidence, and draws inferences most favorably for the opposing party. *See id*. at 249, 255; *Matsushita*, 475 U.S. at 587. Inferences, however, are not drawn out of "thin air," and the proponent must adduce evidence of a factual predicate from which to draw inferences. *Am. Int'l Group, Inc. v. Am. Int'l Bank*, 926 F.2d 829, 836 (9th Cir. 1991) (Kozinski, J., dissenting)

5

(citing *Celotex*, 477 U.S. at 322). If reasonable minds could differ on material facts at issue, summary judgment is inappropriate. *See Warren v. City of Carlsbad*, 58 F.3d 439, 441 (9th Cir. 1995). On the other hand, the opposing party "must do more than simply show that there is some metaphysical doubt as to the material facts . . . . Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine issue for trial.'" *Matsushita*, 475 U.S. at 587 (citation omitted). In that case, the court must grant summary judgment.

Concurrent with the motion for summary judgment, defendant advised plaintiff of the requirements for opposing a motion pursuant to Rule 56 of the Federal Rules of Civil Procedure. ECF No. 42-1; *see Woods v. Carey*, 684 F.3d 934 (9th Cir. 2012); *Rand v. Rowland*, 154 F.3d 952, 957 (9th Cir. 1998) (en banc), cert. denied, 527 U.S. 1035 (1999); *Klingele v. Eikenberry*, 849 F.2d 409 (9th Cir. 1988).

### B. The PLRA's Exhaustion Requirement

The Prison Litigation Reform Act ("PLRA") provides that "[n]o action shall be brought with respect to prison conditions [under section 1983 of this title] until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). "Prison conditions" subject to the exhaustion requirement have been defined broadly as "the effects of actions by government officials on the lives of persons confined in prison . . . ." 18 U.S.C. § 3626(g)(2); *Smith v. Zachary*, 255 F.3d 446, 449 (7th Cir. 2001); *see also Lawrence v. Goord*, 304 F.3d 198, 200 (2d Cir. 2002). To satisfy the exhaustion requirement, a grievance must alert prison officials to the claims the plaintiff has included in the complaint, but need only provide the level of detail required by the grievance system itself. *Jones v. Bock*, 549 U.S. 199, 218-19 (2007); *Porter v. Nussle*, 534 U.S. 516, 524-25 (2002) (the purpose of the exhaustion requirement is to give officials the "time and opportunity to address complaints internally before allowing the initiation of a federal case").

Prisoners who file grievances must use a form provided by the California Department of Corrections and Rehabilitation (CDCR Form 602), which instructs the inmate to describe the problem and outline the action requested. Title 15 of the California Code of Regulations,

6

§ 3084.2 provides further instructions, which include the direction to "list all staff member(s) involved" and "describe their involvement." Cal. Code Regs. tit. 15, § 3084.2(a)(3). If the prisoner does not know the staff member's name, first initial, title or position, he must provide "any other available information that would assist the appeals coordinator in making a reasonable attempt to identify the staff member(s) in question." *Id.*

The grievance process, as defined by the regulations, has three levels of review to address an inmate's claims, subject to certain exceptions. *See* Cal. Code Regs. tit. 15, § 3084.7. Administrative procedures generally are exhausted once a plaintiff has received a "Director's Level Decision," or third level review, with respect to his issues or claims. *Id.*, § 3084.1(b).

Proper exhaustion of available remedies is mandatory, *Booth v. Churner*, 532 U.S. 731, 741 (2001), and "[p]roper exhaustion demands compliance with an agency's deadlines and other critical procedural rules[.]" *Woodford v. Ngo*, 548 U.S. 81, 90 (2006). For a remedy to be "available," there must be the "possibility of some relief . . . ." *Booth*, 532 U.S. at 738. Relying on *Booth*, the Ninth Circuit has held:

> [A] prisoner need not press on to exhaust further levels of review once he has received all "available" remedies at an intermediate level of review or has been reliably informed by an administrator that no remedies are available.

*Brown v. Valoff*, 422 F.3d 926, 935 (9th Cir. 2005).

Failure to exhaust is "an affirmative defense the defendant must plead and prove." *Jones*, 549 U.S. at 216 (2007). To bear this burden:

> [A] defendant must demonstrate that pertinent relief remained available, whether at unexhausted levels of the grievance process or through awaiting the results of the relief already granted as a result of that process. Relevant evidence in so demonstrating would include statutes, regulations, and other official directives that explain the scope of the administrative review process; documentary or testimonial evidence from prison officials who administer the review process; and information provided to the prisoner concerning the operation of the grievance procedure in this case . . . . With regard to the latter category of evidence, information provided [to] the prisoner is pertinent because it informs our determination of whether relief was, as a practical matter, "available."

*Brown*, 422 F.3d at 936-37 (citations omitted). Once a defendant shows that the plaintiff did not exhaust available administrative remedies, the burden shifts to the plaintiff "to come forward with evidence showing that there is something in his particular case that made the existing and

7

generally available administrative remedies effectively unavailable to him." *Albino v. Baca*, 747 F.3d 1162, 1172 (9th Cir. 2014) (en banc).

A defendant may move for dismissal under Federal Rule of Civil Procedure 12(b)(6) in the extremely rare event that the plaintiff's failure to exhaust administrative remedies is clear on the face of the complaint. *Id.* at 1166. "Otherwise, defendants must produce evidence proving failure to exhaust" in a summary judgment motion brought under Rule 56. *Id.* If the court concludes that plaintiff has failed to exhaust administrative remedies, the proper remedy is dismissal without prejudice. *Wyatt v. Terhune*, 315 F.3d 1108, 1120, *overruled on other grounds by Albino*, 747 F.3d 1162.

## C. Analysis

The undisputed evidence submitted by defendants shows that plaintiff did not exhaust his administrative grievances concerning the claims brought in this action through the third and final level before he filed this case. By doing so, they have shifted the burden to plaintiff to show "that there is something in his particular case that made the existing and generally available administrative remedies effectively unavailable to him." *Albino*, 747 F.3d at 1172.

Plaintiff contends that defendants have raised their exhaustion argument in other cases and it has been rejected by three different federal judges. He provides no case numbers or other evidence in support of this assertion. The court has examined the federal court system's PACER database to determine whether there is any support it. That search revealed four cases in which John Fordley is plaintiff: (1) Case No. 4:15-cv-03108-DMR, which was dismissed as moot on June 7, 2016 and contains nothing regarding exhaustion; (2) Case No. 3:14-cv-00518-DMS-DHB, a habeas petition dismissed on August 18, 2014 for failure to allege exhaustion of state court remedies (an issue unrelated to exhaustion of administrative remedies in a civil rights action such as this one); (3) Case No. 2:16-cv-01387-JAM-EFB, in which a motion for summary judgment alleging failure to exhaust administrative remedies was pending and had not been ruled on when plaintiff filed his opposition; and (4) this action. The PACER database contained no case, much less three cases, in which a defendant's argument that plaintiff had not exhausted administrative remedies was rejected by the court.

Plaintiff next argues that he was denied "access to the appeals office." ECF No. 50 at 1. He claims that he initially filed his grievance in this action on March 14, 2016 while in a crisis bed at High Desert State Prison, but that prison officials did not assign the grievance a tracking number until two months later, when he filed log no. MCSP-16-01365. *Id.* Plaintiff states that he has "proof" of this, but that he does not currently have access to his property. *Id.* at 2. The court notes that, in grievance MCSP-16-01365, plaintiff wrote, "In March on the 26th 2016, I filed a sexual assault complaint against officers in ASU Building 12, I also filed a assault [sic] complaint against officers in B Complex, all this assault and sexual assault took place March 9th, 10th, 11th 2016 . . . . " ECF No. 46-4 at 7, 9.

This possible earlier-filed grievance is relevant to plaintiff's claims that defendants Watson, Garcia, Winkfield, and Moore assaulted him on March 10, 2016 and that defendants Winkfield, Garcia, and Moore assaulted him on March 11, 2016. ECF No. 1 at 5-7. It also could affect plaintiff's claims that: (1) beginning in March 2016, defendants Watson, Winkfield, Garcia, Moor, Andrea, Coder, and Shrode have denied or tampered with plaintiff's food, threatened future assaults, and on at least one occasion, identified plaintiff as a sex offender and a racist to incite an attack on plaintiff by other inmates and (2) that defendant Warden Lizarraga knew of the alleged ongoing misconduct and allowed it to continue. The earlier grievance could not possibly concern plaintiff's remaining claims, however, which challenge conduct that allegedly occurred in May 2016 and thus could not have been included in any grievance filed two months earlier. Those remaining claims are premised on plaintiff's allegations that defendants Watson, Garcia, and Winkfield gave him a razor blade on May 5, 2016, that defendants Winkfield and Garcia gave him a razor blade on May 6, 2016.

Plaintiff essentially argues that the failure of prison officials to process his March 2016 grievance within the time constraints proscribed by California law rendered the appeals process unavailable to him. The Ninth Circuit has not held that a prison's failure to adhere to administrative time constraints in responding to an inmate grievance renders the grievance system per se unavailable. But it has noted that prison officials may not "exploit the exhaustion requirement through indefinite delay in responding to grievances." *Brown v. Valoff*, 422 F.3d

926, 953 n.18 (9th Cir. 2005). "Delay in responding to a grievance, particularly a time-sensitive one, may demonstrate that no administrative process is in fact available." *Id.*

District courts in the Ninth Circuit have tended to follow the analysis in *Womack v. Bakewell*, No. CIV S-09-1431 GEB KJM P, 2010 U.S. Dist. LEXIS 93346, at *10-14 (E.D. Cal. Sept. 8, 2010) when a plaintiff claims that delay in processing his grievance rendered the administrative remedy unavailable. This analysis focuses on the specific details of each case and, in particular, whether some avenue for administrative relief remained open to the plaintiff despite the delay. *Morales v. Sherwood*, No. 1:13-cv-01582-DAD-EPG-PC, 2016 U.S. Dist. LEXIS 80665, at *18-19 (E.D. Cal. June 20, 2016); *Rupe v. Beard*, No. CV-08-2454-EFS (PC), 2013 U.S. Dist. LEXIS 80041, at *42-48 (E.D. Cal. June 3, 2013).

Notably, a de minimis delay does not render the administrative remedy unavailable. *Rupe*, 2013 U.S. Dist. LEXIS 80041, at *47. "An inmate who files suit a mere one or two days after an appeal-response deadline has passed has probably not demonstrated that administrative remedies are effectively unavailable[.]" *Id.* Rather, delay will excuse a failure to exhaust where the inmate has waited a reasonable period of time and has received no response or explanation for the delay. *Id.*

Section 3084.8(c) of title 15 of the California Code of Regulations provides the usual time limits for most inmate grievances. Under that section, the first level reviewer must respond to a grievance within 30 working days of receipt; the second level reviewer must also respond within 30 working days; and the third level reviewer must respond within 60 working days.

However, § 3084.9 provides some exceptions to the usual time limits, including for complaints of staff sexual misconduct. Under § 3084.9(a)(5), a grievance containing allegations of staff sexual misconduct must be processed as an emergency appeal and, as such, immediately reviewed by the "Hiring Authority or designee" and processed directly at the second level of review. The regulation also requires the Hiring Authority to perform an initial risk assessment to determine if the inmate is in substantial risk of imminent staff sexual misconduct within 48 hours and to perform a completed risk assessment within five calendar days "describing whether the appellant was determined to be in substantial risk of imminent staff sexual misconduct and the

10

action(s) taken in response to the appeal." Cal. Code Regs. tit. 15, § 3084.9(a)(5)(A). The appeals coordinator must inform the inmate within 48 hours whether the grievance will be processed as an emergency staff complaint. *Id.* The regulation further provides:

> If the conditions of exceptional delay exist as described in subsection 3084.8(d) [which govern delay in ordinary appeals], the time constraints of Second Level of Review or Third Level of Review may be extended in increments of 30 days, but shall not exceed 160 days from the date the appeal was received by the appeals coordinator. Any extension shall require written notification to the appellant and shall include the estimated completion date. The time consumed by the appellant in preparing the appeal shall not count in the calculation of a timely response.
>
> The appellant may consider an absence of a timely response at any level, including that of any properly noticed extension, a denial at that level.

Defendants have not responded to plaintiff's claim that prison officials ignored his first grievance, filed in March 2016. The court's analysis of the exhaustion issue (regarding all claims other than the May 2016 razor blade claims) may benefit from whatever evidence plaintiff has, which he for some reason cannot currently access. Accordingly, the court will exercise its discretion under Federal Rule of Civil Procedure 56(d) to grant plaintiff 45 days from the date of service of this order to file a supplemental opposition to the motion for summary judgment. Plaintiff must, at that time, provide whatever evidence he has to show that he filed a grievance in March 2016, including a copy of the grievance itself, or, if such copy is unavailable, a description of the issues raised in the grievance, the date he submitted it to staff, and the name or position of the staff member who received the grievance. If plaintiff still lacks access to his property such that he cannot provide such evidence, he should inform the court within 21 days of service of this order.

Plaintiff's claims that defendants Watson, Garcia, and Winkfield gave him a razor blade on May 5, 2016 and that defendants Winkfield and Garcia gave him a razor blade on May 6, 2016 could not possibly have been contained in plaintiff's alleged earlier grievance. Accordingly, the court can determine on the current record whether the grievance process was effectively unavailable to plaintiff because prison officials did not timely process the grievance. That record shows that plaintiff submitted grievance MCSP-16-01365, which contained these claims, on May 8, 2016. The grievance was sent directly to the second level within 8 working days. It was

11

denied at the second level within 23 working days of receipt. These windows of time fell well within the limits set forth by § 3084.8(c).

Plaintiff submitted the grievance to the third level on July 6, 2016. Under § 3084.8(c), the third level reviewer was required to respond within 60 working days. However, 33 working days after he submitted the grievance to the third level, plaintiff filed the instant complaint. Whether a grievance system is effectively unavailable is determined at the time the claims are first asserted. *Rupe*, 2013 U.S. Dist. LEXIS 80041, at *44-45. At the time that plaintiff prepared his complaint, his grievance had not been delayed, much less delayed to an extent that would render the grievance process unavailable to him.[1] Accordingly, plaintiff has failed to rebut defendants' undisputed evidence that he failed to exhaust his administrative grievance challenging the alleged conduct of defendants Garcia, Winkfield, and Watson in providing him with razor blades and encouraging him to commit suicide. Summary judgment must be granted in favor of these defendants on this claim.

### III. Conclusion and Recommendations

In accordance with the above, it is HEREBY RECOMMENDED that:

1. Within 45 days of the date of any order adopting these recommendations, plaintiff be directed to file a supplemental opposition to the motion for summary judgment, including all evidence plaintiff wishes to present to show that he filed a grievance concerning the claims in this action in March 2016.
2. Defendants be given 21 days after the filing of plaintiff's supplemental opposition to file a supplemental reply.
3. Plaintiff be directed to inform the court within 21 days of the date of any order adopting these recommendations if he cannot access his legal materials or otherwise prepare the supplemental opposition ordered by the court.

---

[1] The grievance was later rejected twice at the third level for lacking a Form 1858. Plaintiff could make an argument that, by denying him that form, prison officials effectively blocked him from the third level of review for some amount of time. However, because plaintiff filed this case before the grievance was ever rejected, and because the availability of the grievance system is analyzed at the time the complaint is filed, such an argument would necessarily fail.

4. Defendants' November 7, 2017 motion for summary judgment (ECF No. 46) be granted in part as to plaintiff's claims that defendants Watson, Winkfield, and Garcia provided him with razor blades on May 5 and 6, 2016 and encouraged him to commit suicide, and that such claims be dismissed without prejudice for failure to exhaust administrative remedies.

5. Consideration of the remainder of defendant's November 7, 2017 motion for summary judgment be deferred pending receipt of the supplemental briefing.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

DATED: May 3, 2018.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE