UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN FREDERICK FORDLEY,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>JOE LIZARRAGA, et al.,<br><br>　　　　Defendants. | No. 2:16-cv-1985-MCE-EFB P<br><br><br>FINDINGS AND RECOMMENDATIONS |

Plaintiff is a state prisoner proceeding without counsel in this action brought pursuant to 42 U.S.C. § 1983. Defendants move for summary judgment, arguing that plaintiff failed to exhaust his available administrative remedies before filing suit. ECF No. 46. The court granted the motion in part but provided plaintiff with an opportunity to file additional evidence on the remaining claims. ECF Nos. 75, 89. Plaintiff has filed a supplemental opposition brief, and defendants have filed a reply thereto. ECF Nos. 90, 91. For the reasons that follow, it is recommended that summary judgment be granted in favor of defendants.

**I.　Background**

Plaintiff, who is incarcerated at R.J Donovan Correctional Facility, filed this action on June 21, 2016, alleging Eighth Amendment claims against defendant correctional officers at Mule Creek State Prison ("MCSP"). ECF No. 1. Plaintiff claims that, on various occasions in March and May 2016 defendants assaulted him physically and sexually, gave him razor blades to

1

encourage him to kill himself, and repeatedly interfered with his meals. *Id.* He seeks money damages and an order that he be transferred out of MCSP, among other injunctive relief. *Id.* at 15-16.

Defendants have submitted undisputed evidence of the following facts in support of their argument that plaintiff did not exhaust his available administrative remedies:

1. On May 8, 2016, plaintiff submitted an inmate grievance (aka "602"), Log No. MCSP-16-01365, alleging that: (1) defendants Garcia and Watson battered and sexually assaulted him on March 10, 2016; (2) defendants Winkfield and Garcia battered and sexually assaulted him on March 11, 2016; (3) defendants Winkfield and Garcia gave him razor blades on May 5 and 6, 2016 to encourage him to kill himself; and (4) correctional staff were refusing to provide him with meals. ECF No. 46-3, Defs.' Statement of Undisputed Facts (hereinafter "DUF") Nos. 2-4; ECF No. 46-4, Decl. of M. Voong, ¶¶ 4-5; ECF No. 46-4 at 7-9.
2. On May 10, 2016, plaintiff was interviewed regarding grievance MCSP-16-01365. DUF No. 5; ECF No. 46-4 at 11-12.
3. On May 19, 2016, grievance MCSP-16-01365 was forwarded directly to the second level of review to be addressed as a staff complaint. DUF No. 6; ECF No. 46-4 at 7.
4. Plaintiff was again interviewed on June 7, 2016. DUF No. 7; ECF No. 46-4 at 12.
5. On June 12, 2016, plaintiff submitted another grievance, log no. MCSP-16-01704, alleging that defendant Winfield was threatening and harassing him and interfering with his food. DUF No. 8; ECF No. 46-4 at 33-34.
6. On June 22, 2016, grievance MCSP-16-01365 was denied at the second level of review. DUF No. 9; ECF No. 46-4 at 5-6.
7. Plaintiff submitted grievance MCSP-16-01365 to the third level of review on July 6, 2016. DUF No. 10; ECF No. 46-4 at 8.
8. Plaintiff was interviewed in connection with MCSP-16-01704 on July 9, 2016. DUF No. 11; ECF No. 46-4 at 35.

9. MCSP-16-01704 was denied at the second level of review on July 15, 2016. DUF No. 12; ECF No. 46-4 at 35-36.

10. Plaintiff submitted MCSP-16-01704 to the third level of review on August 1, 2016. DUF No. 13; ECF No. 46-4 at 32.

11. Plaintiff prepared his complaint in this action on August 15, 2016, and the case was formally filed on August 22, 2016. ECF No. 1 at 1, 13.

12. The third level of review rejected plaintiff's grievance MCSP-16-01365 on September 7, 2016, because plaintiff had not included a CDCR Form 1858 Rights and Responsibilities Statement. DUF No. 15; ECF No. 46-4 at 8, 21. Plaintiff re-submitted the grievance on October 14, 2016, but it was again rejected on December 20, 2016 for the same reason. DUF Nos. 17, 18; ECF No. 46-4 at 25.

13. On October 13, 2016, plaintiff's grievance MCSP-16-01704 was also rejected for lacking a Form 1858. DUF No. 16; ECF No. 46-4 at 39. Documents filed by defendants show that plaintiff had some difficulty obtaining the Form 1858 and made at least five requests for that form between September 25, 2016 and October 6, 2016. ECF No. 46-4 at 19-23.

14. Plaintiff resubmitted MCSP-16-01365 to the third level of review with the Form 1858 on January 9, 2017. Voong Decl. ¶ 5. It was denied at that level on March 10, 2017. *Id.*; DUF No. 21; ECF No. 46-4 at 5-6.

15. Plaintiff resubmitted MCSP-16-01704 to the third level of review with the Form 1858 on November 1, 2016. ECF No. 46-4 at 40. It was denied at that level on January 23, 2017. DUF No. 20; ECF No. 46-4 at 29.

The court granted summary judgment in favor of defendants on plaintiff's claims that defendants Watson, Garcia, and Winkfield gave him a razor blade on May 5, 2016 and that defendants Winkfield and Garcia gave him a razor blade on May 6, 2016, finding that plaintiff failed to exhaust those claims before filing suit. ECF No. 89. But because plaintiff claimed to have filed an earlier grievance in March 2016 that was ignored by correctional authorities, the court exercised its discretion under Rule 56(d) of the Federal Rules of Civil Procedure to allow

plaintiff to present evidence of that grievance so the court could determine whether plaintiff should be excused from exhausting his claims that (1) defendants Watson, Garcia, Winkfield, and Moore assaulted him on March 10, 2016; (2) defendants Winkfield, Garcia, and Moore assaulted him on March 11, 2016; (3) beginning in March 2016, defendants Watson, Winkfield, Garcia, Moore, Andrea, Coder, and Shrode denied or tampered with plaintiff's food, threatened future assaults, and, on at least one occasion, identified plaintiff as a sex offender and a racist to incite an attack on plaintiff by other inmates; and (4) defendant Warden Lizarraga knew of the ongoing harassment and allowed it to continue. Plaintiff has now submitted his additional evidence, which consists of:

1. A correctional memo dated April 15, 2016 informing plaintiff that his appeal dated March 27, 2016 was received on March 28, 2016 and was "in process." The memo does not include any information about the substance of the appeal or identify the appeal by log number. ECF No. 90 at 10.

2. A form 22 filled out by plaintiff on April 5, 2016 in which he complained, "I filed a staff assault complaint here in March haven't heard nothing." *Id.* at 17. Officer T. Reece responded that the complaint "has been received, and will be processed in the order received." *Id.*

3. A form 22 filled out by plaintiff on April 12, 2016 in which he wrote, "I filed a CDCR 602 because of safety concerns and harassment and assault by CDCR staff which [illegible] is supposed to be processed immediately. But you're denying me that, you're refusing to file both of my CDCR 602s I filed due to assault and discrimination." *Id.* at 11. Staff responded on April 14, 2016, "Your appeals dated 3-27-16 & 4-13-16 have been received & are being processed." *Id.*

4. Four documents concerning the processing of Log No. MCSP-16-01365, which was filed on May 8, 2016. *Id.* at 13-15, 19. These documents are not relevant to the question of whether plaintiff had filed an earlier grievance in March 2016.[1] The court

---

[1] Plaintiff has also submitted an order issued by this court recommending denial of defendants' motion to dismiss for failure to exhaust. ECF No. 90 at 21. Plaintiff believes that

4

notes, however, that in the 602 plaintiff filed that initiated Log No. MCSP-16-1365, plaintiff wrote, "In March on the 26th 2016, I filed a sexual assault complaint against officers in ASU building 12, I also filed a assault complaint against officers in B complex, all this assault and sexual assault took place March 9th, 10th, 11th 2016." ECF No. 46-5 at 8-9.

## II. The Motion for Summary Judgment

### A. Summary Judgment Standards

Summary judgment is appropriate when there is "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Summary judgment avoids unnecessary trials in cases in which the parties do not dispute the facts relevant to the determination of the issues in the case, or in which there is insufficient evidence for a jury to determine those facts in favor of the nonmovant. *Crawford-El v. Britton*, 523 U.S. 574, 600 (1998); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-50 (1986); *Nw. Motorcycle Ass'n v. U.S. Dep't of Agric.*, 18 F.3d 1468, 1471-72 (9th Cir. 1994). At bottom, a summary judgment motion asks whether the evidence presents a sufficient disagreement to require submission to a jury.

The principal purpose of Rule 56 is to isolate and dispose of factually unsupported claims or defenses. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986). Thus, the rule functions to "'pierce the pleadings and to assess the proof in order to see whether there is a genuine need for trial.'" *Matsushita Elec. Indus. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (quoting Fed. R. Civ. P. 56(e) advisory committee's note on 1963 amendments). Procedurally, under summary judgment practice, the moving party bears the initial responsibility of presenting the basis for its motion and identifying those portions of the record, together with affidavits, if any, that it believes demonstrate the absence of a genuine issue of material fact. *Celotex*, 477 U.S. at 323; *Devereaux v. Abbey*, 263 F.3d 1070, 1076 (9th Cir. 2001) (en banc). If the moving party meets

---

this order is evidence that the court has already rejected defendants' exhaustion argument. On the contrary, the court simply concluded that the exhaustion issue should be resolved through a summary judgment motion or trial.

its burden with a properly supported motion, the burden then shifts to the opposing party to present specific facts that show there is a genuine issue for trial. Fed. R. Civ. P. 56(e); *Anderson*, 477 U.S. at 248; *Auvil v. CBS "60 Minutes"*, 67 F.3d 816, 819 (9th Cir. 1995).

A clear focus on where the burden of proof lies as to the factual issue in question is crucial to summary judgment procedures. Depending on which party bears that burden, the party seeking summary judgment does not necessarily need to submit any evidence of its own. When the opposing party would have the burden of proof on a dispositive issue at trial, the moving party need not produce evidence which negates the opponent's claim. *See, e.g., Lujan v. National Wildlife Fed'n*, 497 U.S. 871, 885 (1990). Rather, the moving party need only point to matters which demonstrate the absence of a genuine material factual issue. *See Celotex*, 477 U.S. at 323-24 ("[W]here the nonmoving party will bear the burden of proof at trial on a dispositive issue, a summary judgment motion may properly be made in reliance solely on the 'pleadings, depositions, answers to interrogatories, and admissions on file.'"). Indeed, summary judgment should be entered, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. *See id*. at 322. In such a circumstance, summary judgment must be granted, "so long as whatever is before the district court demonstrates that the standard for entry of summary judgment, as set forth in Rule 56(c), is satisfied." *Id*. at 323.

To defeat summary judgment the opposing party must establish a genuine dispute as to a material issue of fact. This entails two requirements. First, the dispute must be over a fact(s) that is material, i.e., one that makes a difference in the outcome of the case. *Anderson*, 477 U.S. at 248 ("Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment."). Whether a factual dispute is material is determined by the substantive law applicable for the claim in question. *Id*. If the opposing party is unable to produce evidence sufficient to establish a required element of its claim that party fails in opposing summary judgment. "[A] complete failure of proof concerning an essential element

/////

of the nonmoving party's case necessarily renders all other facts immaterial." *Celotex*, 477 U.S. at 322.

Second, the dispute must be genuine. In determining whether a factual dispute is genuine the court must again focus on which party bears the burden of proof on the factual issue in question. Where the party opposing summary judgment would bear the burden of proof at trial on the factual issue in dispute, that party must produce evidence sufficient to support its factual claim. Conclusory allegations, unsupported by evidence are insufficient to defeat the motion. *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). Rather, the opposing party must, by affidavit or as otherwise provided by Rule 56, designate specific facts that show there is a genuine issue for trial. *Anderson*, 477 U.S. at 249; *Devereaux*, 263 F.3d at 1076. More significantly, to demonstrate a genuine factual dispute, the evidence relied on by the opposing party must be such that a fair-minded jury "could return a verdict for [him] on the evidence presented." *Anderson*, 477 U.S. at 248, 252. Absent any such evidence there simply is no reason for trial.

The court does not determine witness credibility. It believes the opposing party's evidence, and draws inferences most favorably for the opposing party. *See id*. at 249, 255; *Matsushita*, 475 U.S. at 587. Inferences, however, are not drawn out of "thin air," and the proponent must adduce evidence of a factual predicate from which to draw inferences. *Am. Int'l Group, Inc. v. Am. Int'l Bank*, 926 F.2d 829, 836 (9th Cir. 1991) (Kozinski, J., dissenting) (citing *Celotex*, 477 U.S. at 322). If reasonable minds could differ on material facts at issue, summary judgment is inappropriate. *See Warren v. City of Carlsbad*, 58 F.3d 439, 441 (9th Cir. 1995). On the other hand, the opposing party "must do more than simply show that there is some metaphysical doubt as to the material facts . . . . Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine issue for trial.'" *Matsushita*, 475 U.S. at 587 (citation omitted). In that case, the court must grant summary judgment.

Concurrent with the motion for summary judgment, defendant advised plaintiff of the requirements for opposing a motion pursuant to Rule 56 of the Federal Rules of Civil Procedure. ECF No. 42-1; *see Woods v. Carey*, 684 F.3d 934 (9th Cir. 2012); *Rand v. Rowland*, 154 F.3d

952, 957 (9th Cir. 1998) (en banc), cert. denied, 527 U.S. 1035 (1999); *Klingele v. Eikenberry*, 849 F.2d 409 (9th Cir. 1988).

### B. The PLRA's Exhaustion Requirement

The Prison Litigation Reform Act ("PLRA") provides that "[n]o action shall be brought with respect to prison conditions [under section 1983 of this title] until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). "Prison conditions" subject to the exhaustion requirement have been defined broadly as "the effects of actions by government officials on the lives of persons confined in prison . . . ." 18 U.S.C. § 3626(g)(2); *Smith v. Zachary*, 255 F.3d 446, 449 (7th Cir. 2001); *see also Lawrence v. Goord*, 304 F.3d 198, 200 (2d Cir. 2002). To satisfy the exhaustion requirement, a grievance must alert prison officials to the claims the plaintiff has included in the complaint, but need only provide the level of detail required by the grievance system itself. *Jones v. Bock*, 549 U.S. 199, 218-19 (2007); *Porter v. Nussle*, 534 U.S. 516, 524-25 (2002) (the purpose of the exhaustion requirement is to give officials the "time and opportunity to address complaints internally before allowing the initiation of a federal case").

Prisoners who file grievances must use a form provided by the California Department of Corrections and Rehabilitation (CDCR Form 602), which instructs the inmate to describe the problem and outline the action requested. Title 15 of the California Code of Regulations, § 3084.2 provides further instructions, which include the direction to "list all staff member(s) involved" and "describe their involvement." Cal. Code Regs. tit. 15, § 3084.2(a)(3). If the prisoner does not know the staff member's name, first initial, title or position, he must provide "any other available information that would assist the appeals coordinator in making a reasonable attempt to identify the staff member(s) in question." *Id.*

The grievance process, as defined by the regulations, has three levels of review to address an inmate's claims, subject to certain exceptions. *See* Cal. Code Regs. tit. 15, § 3084.7. Administrative procedures generally are exhausted once a plaintiff has received a "Director's Level Decision," or third level review, with respect to his issues or claims. *Id.*, § 3084.1(b).

/////

Proper exhaustion of available remedies is mandatory, *Booth v. Churner*, 532 U.S. 731, 741 (2001), and "[p]roper exhaustion demands compliance with an agency's deadlines and other critical procedural rules[.]" *Woodford v. Ngo*, 548 U.S. 81, 90 (2006). For a remedy to be "available," there must be the "possibility of some relief . . . ." *Booth*, 532 U.S. at 738. Relying on *Booth*, the Ninth Circuit has held:

> [A] prisoner need not press on to exhaust further levels of review once he has received all "available" remedies at an intermediate level of review or has been reliably informed by an administrator that no remedies are available.

*Brown v. Valoff*, 422 F.3d 926, 935 (9th Cir. 2005).

Failure to exhaust is "an affirmative defense the defendant must plead and prove." *Jones*, 549 U.S. at 216 (2007). To bear this burden:

> [A] defendant must demonstrate that pertinent relief remained available, whether at unexhausted levels of the grievance process or through awaiting the results of the relief already granted as a result of that process. Relevant evidence in so demonstrating would include statutes, regulations, and other official directives that explain the scope of the administrative review process; documentary or testimonial evidence from prison officials who administer the review process; and information provided to the prisoner concerning the operation of the grievance procedure in this case . . . . With regard to the latter category of evidence, information provided [to] the prisoner is pertinent because it informs our determination of whether relief was, as a practical matter, "available."

*Brown*, 422 F.3d at 936-37 (citations omitted). Once a defendant shows that the plaintiff did not exhaust available administrative remedies, the burden shifts to the plaintiff "to come forward with evidence showing that there is something in his particular case that made the existing and generally available administrative remedies effectively unavailable to him." *Albino v. Baca*, 747 F.3d 1162, 1172 (9th Cir. 2014) (en banc).

A defendant may move for dismissal under Federal Rule of Civil Procedure 12(b)(6) in the extremely rare event that the plaintiff's failure to exhaust administrative remedies is clear on the face of the complaint. *Id.* at 1166. "Otherwise, defendants must produce evidence proving failure to exhaust" in a summary judgment motion brought under Rule 56. *Id.* If the court concludes that plaintiff has failed to exhaust administrative remedies, the proper remedy is dismissal without prejudice. *Wyatt v. Terhune*, 315 F.3d 1108, 1120, *overruled on other grounds by Albino*, 747 F.3d 1162.

**C. Analysis**

The undisputed evidence submitted by defendants shows that, through the appeal filed May 11, 2016 (Log No. MCSP-16-1365), plaintiff did not exhaust his administrative grievances concerning the claims brought in this action through the third and final level before he filed this case. By doing so, they have shifted the burden to plaintiff to show "that there is something in his particular case that made the existing and generally available administrative remedies effectively unavailable to him." *Albino*, 747 F.3d at 1172.

Plaintiff argues that he was denied "access to the appeals office." ECF No. 50 at 1. He claims that he initially filed his grievance in this action on March 14, 2016 while in a crisis bed at High Desert State Prison, but that prison officials did not assign the grievance a tracking number until two months later, when he filed Log No. MCSP-16-01365. *Id.* In support of that claim, plaintiff has submitted evidence showing that he submitted a grievance on March 27, 2016. ECF No. 90 at 1. Plaintiff has not submitted a copy of that grievance, but various status requests plaintiff submitted later indicate that the appeal concerned "harassment and assault by CDCR staff" (*id.* at 11) and "staff assault" (*id.* at 19). These documents corroborate plaintiff's claims that he submitted a grievance to Officer Nunez on March 27, 2016 regarding physical and sexual assault by defendants Watson, Winkfield, Garcia, and Moore on March 10 and 11, 2016 and that it was not timely processed. Also, consistent with his current claims, in grievance MCSP-16-01365 plaintiff wrote that "In March on the 26th 2016, I filed a sexual assault complaint against officers in ASU Building 12, I also filed a assault [sic] complaint against officers in B Complex, all this assault and sexual assault took place March 9th, 10th, 11th 2016 . . . ." ECF No. 46-4 at 7, 9.

Plaintiff essentially argues that the failure of prison officials to process his March 2016 grievance within the time constraints prescribed by California law necessarily rendered the appeals process unavailable to him. But the Ninth Circuit has not held that a prison's failure to adhere to administrative time constraints in responding to an inmate grievance renders the grievance system *per se* unavailable. The Ninth Circuit did note that prison officials may not "exploit the exhaustion requirement through indefinite delay in responding to grievances."

10

1  *Brown v. Valoff*, 422 F.3d 926, 953 n.18 (9th Cir. 2005). "Delay in responding to a grievance,
2  particularly a time-sensitive one, may demonstrate that no administrative process is in fact
3  available." *Id.*

4  Thus, it does not follow that the failure to process the March 2016 grievance within the
5  relevant time limit rendered the appeal process *per se* unavailable to the plaintiff. Rather, the
6  court must examine whether, in light of the delay, any meaningful process was still available.
7  District courts in the Ninth Circuit have tended to follow the analysis in *Womack v. Bakewell*, No.
8  CIV S-09-1431 GEB KJM P, 2010 U.S. Dist. LEXIS 93346, at *10-14 (E.D. Cal. Sept. 8, 2010)
9  when a plaintiff claims that delay in processing his grievance rendered the administrative remedy
10 unavailable. This analysis focuses on the specific details of each case and, in particular, whether
11 some avenue for administrative relief remained open to the plaintiff despite the delay. *Morales v.
12 Sherwood*, No. 1:13-cv-01582-DAD-EPG-PC, 2016 U.S. Dist. LEXIS 80665, at *18-19 (E.D.
13 Cal. June 20, 2016); *Rupe v. Beard*, No. CV-08-2454-EFS (PC), 2013 U.S. Dist. LEXIS 80041, at
14 *42-48 (E.D. Cal. June 3, 2013).

15 Notably, a de minimus delay does not render the administrative remedy unavailable.
16 *Rupe*, 2013 U.S. Dist. LEXIS 80041, at *47. "An inmate who files suit a mere one or two days
17 after an appeal-response deadline has passed has probably not demonstrated that administrative
18 remedies are effectively unavailable[.]" *Id.* Rather, delay will excuse a failure to exhaust where
19 the inmate has waited a reasonable period of time and has received no response or explanation for
20 the delay. *Id.*

21 Section 3084.8(c) of title 15 of the California Code of Regulations provides the usual time
22 limits for most inmate grievances. Under that section, the first level reviewer must respond to a
23 grievance within 30 working days of receipt; the second level reviewer must also respond within
24 30 working days; and the third level reviewer must respond within 60 working days.

25 However, § 3084.9 provides some exceptions to the usual time limits, including for
26 complaints of staff sexual misconduct. Under § 3084.9(a)(5), a grievance containing allegations
27 of staff sexual misconduct must be processed as an emergency appeal and, as such, immediately
28 reviewed by the "Hiring Authority or designee" and processed directly at the second level of

11

review. The regulation also requires the Hiring Authority to perform an initial risk assessment to determine if the inmate is in substantial risk of imminent staff sexual misconduct within 48 hours and to perform a completed risk assessment within five calendar days "describing whether the appellant was determined to be in substantial risk of imminent staff sexual misconduct and the action(s) taken in response to the appeal." Cal. Code Regs. tit. 15, § 3084.9(a)(5)(A). The appeals coordinator must inform the inmate within 48 hours whether the grievance will be processed as an emergency staff complaint. *Id.* The regulation further provides:

> If the conditions of exceptional delay exist as described in subsection 3084.8(d) [which govern delay in ordinary appeals], the time constraints of Second Level of Review or Third Level of Review may be extended in increments of 30 days, but shall not exceed 160 days from the date the appeal was received by the appeals coordinator. Any extension shall require written notification to the appellant and shall include the estimated completion date. The time consumed by the appellant in preparing the appeal shall not count in the calculation of a timely response.
>
> The appellant may consider an absence of a timely response at any level, including that of any properly noticed extension, a denial at that level.

Plaintiff's evidence in support of his assertion of delay is compelling. It indicates that he filed a grievance on March 27, 2016 that contained allegations of staff assault and an allegation of staff sexual misconduct. Such a grievance required a response within 48 hours. However, plaintiff received no response until he submitted information requests (form 22) on April 5th and 12th. ECF No. 90 at 11, 17. Even then, the sole response was that the appeal was being processed. *Id.* at 10, 11, 17. And, on the record before the court, it appears that nothing further was done with the grievance until plaintiff filed an entirely new grievance concerning the alleged misconduct on May 8, 2016 (Log No. MCSP-16-01385).

However, the court must assess whether officials' delay in processing plaintiff's grievance regarding his claims that defendants Watson, Garcia, Winkfield, and Moore assaulted him on March 10, 2016 and that defendants Winkfield, Garcia, and Moore assaulted him on March 11, 2016 rendered the grievance process unavailable. Defendants argue that plaintiff cannot be excused from the exhaustion requirement because his claims regarding the alleged assaults were actually eventually exhausted in MCSP-16-01385. The court agrees. At the time that plaintiff filed this action, MCSP-16-01385 was being timely processed and had already progressed

12

through the first two levels of review. There is no indication in the record that the appeal was being unduly delayed or otherwise interfered with. Thus, at the time plaintiff filed suit, an avenue of administrative relief remained open to him on his claims – the third level of review for MCSP-16-1385.

Finally, the additional evidence submitted by plaintiff does not raise a triable issue that his appeal was thwarted regarding his claims that: (1) beginning in March 2016, defendants Watson, Winkfield, Garcia, Moore, Andrea, Coder, and Shrode have denied or tampered with plaintiff's food, threatened future assaults, and on at least one occasion, identified plaintiff as a sex offender and a racist to incite an attack on plaintiff by other inmates and (2) that defendant Warden Lizarraga knew of the alleged ongoing misconduct and allowed it to continue. Plaintiff's descriptions of the March grievance in his status requests to prison authorities in 2016 and to this court do not include allegations of food tampering, threatened assaults, etc., and do not name or refer to Lizarraga.

### III. Conclusion and Recommendations

In accordance with the above, it is hereby RECOMMENDED that defendants' November 7, 2017 motion for summary judgment (ECF No. 46) be granted as to all remaining claims and that the case be dismissed without prejudice for failure to exhaust administrative remedies.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

DATED: November 27, 2018.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE