UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN FREDERICK FORDLEY,<br><br>Plaintiff,<br><br>v.<br><br>JOE A. LIZARRAGA, et al.,<br><br>Defendants. | No. 2:16-cv-01985-MCE-EFB P<br><br><br><br>ORDER |

      Plaintiff, a state prisoner proceeding pro se, filed this civil rights action seeking relief under 42 U.S.C. § 1983. On March 21, 2019, the court granted defendants' motion for summary judgment on the grounds that plaintiff failed to exhaust his administrative remedies. ECF No. 95. On November 10, 2021, the U.S. Court of Appeals for the Ninth Circuit reversed a portion of this court's ruling, finding that prison officials failed to respond to a grievance filed in March 2016 concerning alleged abusive behavior by defendant correctional officers Watson, Winkfield, Garcia, and Moore and that administrative remedies were thus unavailable. ECF No. 100. The appellate court affirmed this court's determinations that plaintiff failed to exhaust his claims against defendant Lizarraga and his claims regarding alleged abuse by correctional officers in May 2016. *Id.* at 5. The case was remanded for further proceedings.

      In response to a subsequent court order soliciting status reports from the parties, defendants request that the case be stayed 90 days and set for a settlement conference. ECF No.

1

105. A settlement conference has been scheduled for April 7, 2022. ECF No. 106. Defendants' request for a stay does not appear to be joined in by plaintiff and the request is not accompanied by a motion and argument in support of a stay.

Defendants also request that the court clarify "that this matter proceeds on Plaintiff's Eighth Amendment claims alleging physical and sexual assault by defendants Watson, Winkfield, and Garcia on March 10 and 11, 2016, and all other claims and defendants have been dismissed." *Id.* at 2. Defendants note that, although the Ninth Circuit held that plaintiff had satisfied the exhaustion requirement on his claims regarding the March 2016 assault by defendant Moore, defendant Moore was dismissed from the case on August 29, 2017 for failure of service of process. ECF Nos. 29, 33.

Lastly, defendants request that the court provide a schedule for discovery and motion practice should the case fail to settle at the April conference.

Accordingly, it is hereby ORDERED that:

1. Defendants' request for a stay is DENIED without prejudice;
2. The case proceeds solely on plaintiff's Eighth Amendment claims alleging physical and sexual assault by defendants Watson, Winkfield, and Garcia on March 10 and 11, 2016;
3. The parties may conduct discovery until August 15, 2022. Any motions necessary to compel discovery shall be filed by that date. All requests for discovery pursuant to Fed. R. Civ. P. 31, 33, 34, or 36 shall be served not later than June 16, 2022;
4. Dispositive motions shall be filed on or before October 14, 2022;
5. Unless otherwise ordered, all motions to dismiss, motions for summary judgment, discovery motions, and motions made under the authority of Fed. R. Civ. P. 7, 11, 12, 15, 41, 55, 56, 59 and 60, and Local Rule ("L.R.") 110 shall be briefed in accordance with L.R. 230(l). Failure to timely file an opposition or statement of no opposition to such a motion may be deemed a waiver of opposition to the motion and may result in the imposition of sanctions. L.R. 230(l). Oppositions to all other motions need to be filed only as directed by the court; and

6. The court will schedule pretrial proceedings, if necessary, upon the resolution of any pretrial motions filed.  Requests to modify this schedule will be looked upon with disfavor and must be supported by good cause pursuant to Fed. R. Civ. P. 16(b).

Dated: February 21, 2022.

_____
EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE